IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

NEWT CARTER,

    Petitioner,

v.                                                             No. 1:15-cv-01193-JDB-egb

BLAIR LEIBACH,

    Respondent.

ORDER GRANTING MOTION TO DISMISS,
DENYING MOTION FOR STATUS,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Newt Carter ("Petitioner"), a Tennessee state prisoner, has filed a petition under 28 U.S.C. § 2254 seeking habeas corpus relief. (ECF No. 1.) Before the Court is the motion of Respondent, Blair Leibach ("Respondent" or "the State"), to dismiss the petition. (ECF No. 14.) For the reasons that follow, the motion is GRANTED.

**Carter's State Proceedings**

A Madison County jury convicted Carter of aggravated rape and aggravated burglary. *State v. Carter*, No. W2009-00600-CCA-R3-CD, 2010 WL 2349207, at *1 (Tenn. Crim. App. June 11, 2010), *perm. app. denied* (Tenn. Nov. 12, 2010). The Tennessee Court of Criminal Appeals ("TCCA") affirmed the convictions and on November 12, 2010, the Tennessee Supreme Court denied application for review. *Id.* The defendant did not file a petition for writ of certiorari with the United States Supreme Court. (ECF No. 1 at 2.)

Carter filed a petition for post-conviction relief on October 28, 2011. (ECF No. 1 at 3.) After holding evidentiary hearings, the post-conviction court denied the petition and the TCCA affirmed. *Carter v. State*, No. W2013-00506-CCA-R3-PC, 2014 WL 1669957, at *1 (Tenn. Crim. App. April 25, 2014), *perm. app. denied* (Tenn. Aug. 27, 2014). The Tennessee Supreme Court denied Petitioner's application for review on August 25, 2014. (ECF No. 1 at 3.) In October 2014, Petitioner filed a petition for writ of certiorari with the United States Supreme Court, which was denied on February 23, 2015. (ECF No. 1 at 4.)

## Carter's § 2254 Petition and Limitations Period

Petitioner filed his pro se § 2254 petition on August 3, 2015. He raises the following habeas claims:

1. The evidence was insufficient to support his convictions.

2. The trial court erred by enhancing Carter's sentence based on facts not found by the jury.

3. The trial court was ineffective by failing to have Petitioner evaluated by a psychiatrist.

(ECF No. 1 at 4-13.)

A § 2254 petition is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of four possible dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

In this case, § 2244(d)(1)(A) applies, which means that Carter had one-year from the date on which his judgment of conviction became final to file his habeas petition. Taking into account statutory tolling under 28 U.S.C. § 2244(d)(2), the last day he could timely file his § 2254 petition was December 8, 2014.

The date is arrived at as follows. First, Petitioner's judgment of conviction became final on February 10, 2011. Carter appealed his conviction to the Tennessee Supreme Court, but did not appeal to the United States Supreme Court. His judgment of conviction thus became final when the time for appealing to the United States Supreme Court expired, which was ninety days after the Tennessee Supreme Court denied permission to appeal. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Permission to appeal was denied on November 12, 2010, and ninety days from that date was February 10, 2011.

Second, the limitations period for Carter's federal habeas claim began to run on February 11, 2011, the day after his conviction became final, *see id.* at 285-86, and ran for two-hundred and sixty days before being tolled during the pendency of his state post-conviction proceedings. The one-year limitations period is tolled during the time "a properly filed application for State post-conviction or other collateral review . . . is pending . . . ." 28 U.S.C. § 2244(d)(2). It is not tolled, however, during the time a petition for writ of certiorari to the United States Supreme Court is pending or could have been filed from denial of post-conviction relief. *Lawrence v. Florida*, 549 U.S. 327, 332-36 (2007). Here, Carter's post-conviction proceedings ran from October 28, 2011, the date he filed for post-conviction relief, to August 25, 2014, the date the Tennessee Supreme Court denied permission to appeal.

Finally, the last day of the limitations period was December 8, 2014. When the limitations "clock" resumed after Carter's state post-convictions proceedings concluded, one-hundred and five days remained in the limitations period. One-hundred and five days after August 25, 2014, was December 8, 2014.

Petitioner filed his § 2254 petition on August 3, 2015, nearly eight months after the limitations period expired.

## Discussion

The State asserts that Carter filed his petition fifty-six days after the statute of limitations expired and seeks dismissal of the petition with prejudice. Petitioner concedes that he did not timely file his petition, but alleges that prison lockdowns occurring in the months of February, March, and April of 2015, were extraordinary circumstances that prevented a timely filing, despite his diligence. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (stating that the AEDPA's one-year limitations period may be tolled for extraordinary circumstances). The State counters that the lockdowns were not extraordinary circumstances and Carter has not shown that he exercised reasonable diligence to prepare and file his petition on time. The Court need not reach the equitable tolling issue.

Respondent incorrectly asserts that the limitations period expired on June 8, 2015, rather than December 8, 2014. The State's calculation error stems from the fact that it has mistakenly treated the limitations period as having been tolled during the nearly six-month period of time between the Tennessee Supreme Court's denial of Carter's post-conviction appeal on August 25, 2014, and the United States Supreme Court's denial of certiorari on February 23, 2015. As noted, the limitations period is not tolled during the time a petition for writ of certiorari is pending before the United States Supreme Court from denial of post-conviction relief.

*Lawrence*, 549 U.S. at 332-36. Because Carter should have filed his petition by December 8, 2014, the lockdowns in February, March, and April of 2015, did not prevent a timely filing. Accordingly, Petitioner cannot establish that he is entitled to equitable tolling.

The motion to dismiss is therefore GRANTED and the petition is DISMISSED with prejudice.

Judgment shall be ENTERED for Respondent.

## Appeal Issues

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §§ 2253(c)(2) & (3). Although a COA does not require a showing that the appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), a court should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

In this case, there is no question that the petition should be dismissed for the reason stated. Because any appeal by Carter does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reasons it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.

IT IS SO ORDERED this 24th day of March 2017.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE