# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| NEWT CARTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 15-1193-STA-egb |
| ) | |
| BLAIR LEIBACH, Warden, ) | |
| ) | |
| Respondent. ) | |

## ORDER DENYING MOTION TO RECONSIDER

Before the Court is Petitioner Newt Carter's Motion to Reconsider (ECF No. 29) filed on April 19, 2017. Petitioner seeks 30 days to file a brief in response to Respondent's reply, addressing the timeliness of his § 2254. On March 24, 2017, then presiding United States District Judge J. Daniel Breen entered an order dismissing Petitioner's petition under 28 U.S.C. § 2254. The case was transferred to the undersigned later the same day. The Clerk of Court entered judgment on March 27, 2017. The Court subsequently denied Petitioner's motion for an extension of time to respond to the reply brief. Petitioner now requests that the Court reconsider its dismissal of his case. Petitioner filed a Notice of Appeal (ECF No. 30) on April 18, 2017.

The Court finds that Petitioner's Motion is not well taken. Petitioner has not show that he can raise new information or present additional arguments that the Court could have but failed to consider. The Court dismissed Petitioner's § 2254 on statute of limitations and carefully reviewed the proper calculation of the limitations period. Petitioner's § 2254 was filed in December 2014 more than eight months out of time. Petitioner has argued that prison lockdowns

1

in early 2015 prevented him from filing his petition within the statute of limitations. But as the Court already stated in its order of dismissal, delays in 2015 did not cause Petitioner to miss his filing deadline in 2014. And at this stage of the proceedings, Petitioner has not shown what information he could marshal to change the result. Petitioner's Motion to Reconsider is essentially a request to have more time to file yet another brief. Petitioner filed his Motion more than one month ago and requested 30 days to prepare and file a brief. But Petitioner has yet to file a new brief. The Court concludes that there is no reason to reconsider its previous order. As other courts have aptly remarked, "where the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal." *Helton v. ACS Grp.*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997) (quoting *Keweenaw Bay Indian Cmty. v. Mich.*, 152 F.R.D. 562, 563 (W.D. Mich. 1992)). Therefore, Petitioner's Motion to Reconsider is **DENIED**.

    **IT IS SO ORDERED.**

    s/ S. Thomas Anderson
    S. THOMAS ANDERSON
    CHIEF UNITED STATES DISTRICT JUDGE

    Date: May 17, 2017